Dear Mr. Reeves:
Reference is made to your request for an opinion of this office regarding a resolution of the Central Louisiana Juvenile Detention Facility Authority (the "CLJDFA") adopted on January 8, 2004 (the "Resolution"), pursuant to which the CLJDFA undertakes to reimburse the seven (7) parishes of the CLJDFA a portion of the daily costs for pre-adjudicated juveniles placed in secure detention at certain enumerated facilities. Pertinently, the resolution provides:
 "Whereas the CLJDFA hereafter referred to as the Authority, believes that the most important reason for its creation is to assure public safety by managing a safe and secure juvenile detention program. A secondary purpose is to ease the tasks and financial burden of the courts and law enforcement agencies within the seven (7) parishes of the Authority.
 Therefore, in an attempt to fulfill its mission the Authority developed an interim solution to defray a portion of the costs of bed space for the placement of pre-adjudicated juveniles in secure detention.
 The Authority, under the following guidelines, agrees to reimburse the governing authorities within the seven (7) parishes of the CLJDFA a portion of the daily costs for pre-adjudicated juveniles placed in secure detention at:
1. Ware Youth Center, Coushatta, LA.
2. Renaissance Home for Youth, Alexandria, LA.
 3. Calcasieu Parish Juvenile Detention Facility, Lake Charles, LA.
 4. Lafayette Parish Juvenile Detention Facility, Lafayette, LA." (Emphasis supplied).
Clearly, as the italicized portion of the Resolution indicates, the CLJDFA perceives its "most important" purpose and "secondary" purpose, albeit through operation of a juvenile detention program, to be "public safety" and "easing the tasks and financial burdens of courts and law enforcement agencies".
Specifically, you have asked that this office examine the following:
 "Whether the authority correctly states the purposes for which it was created in the Resolution passed on January 8, 2004 and is the authority authorized to act in accordance with their perceived purpose."
We have examined LSA-R.S. 15:1105 through 15:1105.7, the provisions of law which create the CLJDFA and provide its purposes and authority. Respectfully, we must advise that we disagree with the CLJDFA's perception of its purposes and authority. The purpose for which the CLJDFA was created is clearly set forth at LSA-R.S. 15:1105.2, which provides:
 "The purpose of the commission shall be to assist and afford opportunities to preadjudicatory and postadjudicatory children who enter the juvenile justice system to become productive, law-abiding citizens of the community, parish, and state through the establishment of rehabilitative programs within a structured environment and the provision of physical facilities and related services for children throughout the parishes belonging to the authority."
As we interpret LSA-R.S. 15:1105.2, the CLJDFA's purpose is the provision of assistance, opportunities and proper facilities and services to "children who enter the juvenile justice system" with the purpose of helping those children "become productive, law — abiding citizens of the community, parish, and state". Although an obvious by-product of the CLJDFA's accomplishment of its purpose will be the enhancement of "public safety", as well an "easing of the tasks and financial burdens of courts and law enforcement agencies", it is our opinion that the CLJDFA has no obligation or authority to fund public safety initiatives, or to fund or ease the operations of the parishes, courts or law enforcement agencies.
This office has long recognized the caution which must be exercised in the expenditure of public funds. We therefore advise you and the CLJDFA that providing reimbursement to the parishes, for the purposes set forth in the Resolution, may constitute a violation of La Const. Art. VII,Sec. 14(A). This constitutional provision generally prohibits the state and its political subdivisions from loaning, pledging or donating public funds, assets or property to persons, associations or corporations, public or private. Historically, the Attorney General has followed the Louisiana Supreme Court's interpretation of La. Const. Art. VII, Sec.14, as set forth in City of Port Allen v. Louisiana Mun. Risk,439 So.2d 399 (La. 1983), wherein the Court states: "this Section is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so." The previous opinions of this office recognize that the requirement of a legal obligation or authority to expend public funds or use public property is the threshold predicate for the constitutionality of an expenditure or use.[1] Pertinently, in City of Port Allen, supra, the Court stated: "even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporation or to individuals merely for a public purpose'." See also: AttorneyGeneral's Opinions Nos. 02-0125 and 01-0389.
In summary, it is the opinion of this office that the CLJDFA has not correctly stated the purposes for which it was created in the Resolution passed on January 8, 2004. The CLJDFA has no obligation or authority to fund public safety initiatives, or to fund or ease the operations of the parishes, courts or law enforcement agencies. It is our further opinion that the CLJDFA will exceed its authority if it reimburses its member parishes, in accordance with the Resolution, for costs incurred by the parishes in connection with the housing of preadjudicated juveniles.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ____________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam
[1] Although the requirement of a legal obligation is the threshold predicate for the constitutionality of an expenditure of public funds, it is not, the only predicate. The expenditure must also be for a public purpose and create a public benefit proportionate to its cost. AttorneyGeneral's Opinion No. 90-63.